UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISIOIN

**KYRELL HATCHETT**                                                   **PLAINTIFF**

v.                                                  CAUSE NO. 3:26-cv-77-DPJ-ASH

**CITY OF JACKSON, INTERIM CHIEF
of POLICE TYREE JONES in his official and
individual capacities, and JOHN/JANE DOES 1-10
in their official and individual capacities**                      **DEFENDANTS**

<u>**COMPLAINT**</u>
**JURY TRIAL DEMANDED**

**COMES NOW** the plaintiff, Kyrell Hatchett, through counsel, who files this complaint seeking relief for injury he suffered at the hands of the defendants for violating his rights under the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§ 2601 *et seq,* and 29 C.F.R. §§ 825.100 *et seq*, and for violation of his Due Process right to be heard before being terminated from his employment and would show unto the Court the following, *to wit*:

<u>**Parties**</u>

1. The plaintiff is a resident of Hinds County, Mississippi, and for all times relevant to this lawsuit was employed as a police officer for the City of Jackson, Mississippi. He began working for the City of Jackson on or about September 29, 2019, and on the date of termination from that employment had worked well over 1,250 hours during the previous 12-month period, and was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(A).

2. Defendant City of Jackson, Mississippi, is a political subdivision of the State of Mississippi. The City of Jackson is an employer under the FMLA and meets the definition of "public agency" consistent with 29 U.S.C. § 2611(4)(A)(iii) and 29 U.S.C. § 203(x). The

    City of Jackson may be served via its mayor or city clerk at 219 S. President Street, Jackson, MS 39201.

3.     Defendant Chief Tyree Jones is the interim Chief of Police of Jackson, Mississippi, and is head of the Jackson Police Department, who employed the plaintiff as a police officer and is liable in his official and individual capacities. Chief Jones is an employer under the definition of 29 U.S.C. § 2611(4)(A)(ii)(I). He may be served at the Jackson Police Department at 327 E. Pascagoula Street, Jackson, MS 39205, or wherever found.

4.     Defendants John/Jane Doe 1-10 are believed to be current and/or former employees of the City of Jackson, Mississippi, who participated in inflicting the injuries to the plaintiff as described herein, and will be identified as they become known. Each are believed to be liable in their individual and official capacities.

## Jurisdiction and Venue

5.     This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391 and the FMLA, 29 U.S.C. §§ 2601 *et seq*.

6.     Venue before this Court is also proper per 28 U.S.C. § 1391(b) because the injuries to the plaintiff occurred within the Northern Division of the United States District Court of the Southern District of Mississippi.

## Facts

7.     On or about July 22, 2025, the plaintiff was notified by the City of Jackson that he was approved for FMLA leave beginning that same day. The plaintiff received paperwork from the city stating he was eligible for FMLA, so he began FMLA leave that day.

8.     On September 11, 2025, the plaintiff received a letter from his healthcare provider saying he could return to work on September 15, 2025. He arranged to return to work.

9. By a letter dated September 16, 2025, Interim Chief of Police Tyree Jones notified the plaintiff in writing, via Internal Affairs Captain Barbara Folsom-McNeal, that he was immediately terminated from employment as a City of Jackson police officer. The termination letter stated that his FMLA request was denied on August 7, 2025. Hatchett never received this notice and continued with his approved leave.

10. The termination notice stated his "unauthorized" absences and job abandonment caused his termination. Though the notice prefaced dates of "no-call" and "no-show", no dates were specified.

## Violation of the FMLA

11. Hatchett provided proper documentation and was notified he was eligible for FMLA leave. However, the City of Jackson through Interim Chief Tyree Jones, terminated his employment for failing to show for work.

12. Hatchett only went on leave because he received paperwork stating he was eligible for FMLA from his employer. Then that same employer, albeit possibly through different agents of such, terminated him for not showing for work, in direct violation of the FMLA.

## Violation of Due Process

13. Hatchett was a full civil service employee, as acknowledged in the notice of termination, who under federal law is entitled to pre-termination due process hearing.

14. Chief Tyree Jones notified Hatchett he was fired on September 16, 2025. Jones' letter did not give Hatchett any chance for due process before his termination. He was not afforded a hearing or given adequate notice by which to respond in writing before being fired. There were no extraordinary circumstances that would justify immediate termination without such due process.

15. Jones' letter stated that Hatchett could attend a post-termination hearing to be held on September 23, 2025, at 9:00 am. Hatchett appeared and was forced to sit in a hallway outside of the Chief of Police's office suite while waiting to be heard. Hatchett waited until 9:30 am with no invitation to the meeting, though the Chief of Police and other city employment dignitaries were meeting at 9:00 am. No reason was given for the delay and Hatchett's due process rights were further violated by the Chief of Police not allowing the meeting to proceed at 9:00 am.

## Prayer for Relief

16. The plaintiff prays the Court find on his behalf and will award him:

    a. reinstatement as a City of Jackson Police Officer,

    b. damages for losses and injuries experienced by him being fired,

    c. punitive damages as allowed by law to discourage this practice from occurring again,

    d. reasonable attorney fees and expenses,

    e. interest on any award as allowed by law, and

    f. what other relief may be considered appropriate.

## Conclusion

17. Kyrell L. Hatchett prays this Court will take this pleading well and allow for this matter to be heard before a jury of the plaintiff's peers. Further, Hatchett prays this Court will allow for the proper relief if for not specifically pled.

SO SUBMITTED THIS the 3rd day of February, 2026,

Kyrell L. Hatchett

By:   */s/ Francis S. Springer*, His Attorney

Francis S. Springer
MSB 103974

Springer Law Office, PLLC
641 Lakeland East Drive
Flowood, MS 39232-9002
Phone 601-605-5004
Fax 601-436-3374
Email springerlawoffice@gmail.com